TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-

01-00333-CV







Paul West Kimmell, Appellant



v.



Ina Cooper, Tammy L. Smith, William Joel Johnson, Ten John Does


and Ten Jane Does, Appellees






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 20,509 HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING






 Paul West Kimmell has filed a brief that is part original quo warranto proceeding and
part appeal. We dismiss the original proceeding portion because it has not been presented by the
proper party to a trial court. We affirm the judgment of the trial court.

 In his original pleading in the district court, Kimmell complained that various officials
in the City of Burnet and Burnet County failed to make an anti-bribery statement before acting in
their official capacities. See Tex. Const. art. 16, § 1. The officials and their offices are Ina Cooper,
city alderwoman; Tammy Smith, clerk of the municipal court; and William Joel Johnson, unspecified
county office. (1) The twenty Does were never named. Kimmell apparently filed this suit to challenge
his conviction in municipal court for a speeding violation. A copy of a complaint attached to his
pleading alleges that he was traveling forty-nine miles per hour in a thirty-five miles per hour zone;
the fine and court costs assessed on November 28, 2000 totaled $123.25. Kimmell outlined two
causes of action in his initial pleading in the district court: (1) that the three officials inflicted mental
anguish and fraud by prosecuting him before making required anti-bribery statements with the Texas
Secretary of State; and (2) that Cooper, Smith, and Johnson failed to prove the existence of
corporations known as the State of Texas and the City of Burnet. Kimmell apparently believes that
the full capitalization of the names "THE STATE OF TEXAS" and "THE CITY OF BURNET"
gives them a separate corporate existence from "the State of Texas" and "the City of Burnet." He
later requested relief against the appellees' attorney for "trespass by misappropriation of name," an
offense purportedly committed by capitalizing all the letters in Kimmell's name in the style of the
appellees' plea to the jurisdiction.

 In their plea to the jurisdiction, the appellees argued that Kimmell's suit was an
impermissible collateral attack on his speeding conviction. They also contended that the district
court lacked jurisdiction because Kimmell was suing appellees for official actions for which they
retained sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021-.022 (West 1997). 
Finally, the appellees contended that the challenges to their right to hold public office were properly
the subject of a quo warranto action and that Kimmell lacked standing to bring such an action. See
id. § 66.002 (West 1997) (quo warranto action must be brought in name of State of Texas). The
district court granted the plea to the jurisdiction.

 On appeal, Kimmell contended that district court personnel had not properly given
the anti-bribery statements. We found these challenges to be in the nature of a quo warranto action
that Kimmell lacked standing to bring individually and that was improperly brought for the first time
in an appellate court. Dismissing such claims, we requested briefing from Kimmell on any issues
properly the subject of an appeal from the district court's granting of the plea to the jurisdiction. (2) 
In his brief, Kimmell assigns the following errors: 


Error #1. Failure of Due Process Notice of Hearing.


Error #2. Failure to maintain and enforce State Law. (3)


Error #3. Failure to maintain jurisdiction and render Findings of Fact and
Conclusion of Law voiding "illegal acts" of Public Officials.


Error #4. Failure of the below court to protect Appellant's Security Agreement.



 Kimmell appears to argue under Error #1 that he was deprived of due process because
he did not get notice of the hearing at which the appellees' plea to the jurisdiction was sustained. 
This argument fails because the district court's order states that the court considered the plea
"without oral hearing." An oral hearing would not have altered the fact that Kimmell sued a
municipal court clerk, either a municipal court judge or a justice of the peace, and a city alderwoman
for their actions in prosecuting him on a speeding ticket (though what role an alderwoman could
have had in prosecuting a speeding ticket was never alleged), did not allege they did anything outside
the scope of their official duties, and did not allege that they had waived their official immunity. To
the extent that he challenges the merits of the district court's ruling, he also fails. He does not
address the district court's finding that his suit is an improper attempt to collaterally attack a final
conviction for speeding. He does not address the district court's finding that he, individually, is not
entitled to bring a quo warranto action. Because the plea to the jurisdiction had merit, the granting
of the plea did not deprive him of due process.

 Under Error #2, Kimmell contends that the district court failed to maintain or enforce
article five, section eight of the Texas constitution, which defines the jurisdiction of district courts. (4) 
Kimmell contends under this point that the district court's notice of setting failed because the clerk
was not properly sworn. The challenge to the authority of the clerk to file the order is yet another
improper attempt at a quo warranto proceeding.

 Under Error #3, Kimmell contends that he can bring these challenges absent a quo
warranto proceeding by the State because the constitution provides that "everything in this 'Bill of
Rights' is excepted out of the general powers of government, and shall forever remain inviolate, and
all laws contrary thereto, or to the following provisions, shall be void." We conclude that Kimmell
has not shown a conflict between the Texas Bill of Rights and any statute that is relevant to the
disputes involved in his case.

 Under Error #4, Kimmell contends that the court below failed to protect his security
agreement. We see no relevance of the security agreement attached to his brief (which purports to
define a creditor-debtor relationship between "Paul West Kimmell" and "PAUL WEST
KIMMELL") to this suit. What is clear from this security agreement, the assigned error, and from
some of the documents submitted at the district court is that Kimmell attaches significance to the
writing of names in all capital letters and believes that a fully capitalized name is that of a debtor or
a legal fiction like a corporation. He apparently believes that any other full capitalization of a name
not ordinarily fully capitalized is improper and that a court cannot bind an individual or entity who
uses upper- and lower-case to spell his, her, or its name by signing orders and judgments that contain
full capitalizations of those names. Kimmell's theory of the meaning of capitalization is neither the
law nor the practice in this Court, and we find no indication that the district court employed this
theory to his detriment in this case.

 We conclude that Kimmell has not shown error in the districts court's rulings and has
not shown himself entitled to any of the relief he requests by his appeal. We overrule all Kimmell's
points of error and affirm the judgment. All pending motions and relief requested are denied.



 

 Mack Kidd, Justice

Before Justice Kidd, Yeakel and Patterson

Affirmed

Filed: February 22, 2002

Do Not Publish
1. Although Kimmell claims Johnson failed to make the anti-bribery statement, the documents
from the Secretary of State attached to Kimmell's pleading show that the Secretary found filings of
the required statement for William Johnson as municipal judge on October 25, 1994; William Joe
Johnson as municipal judge on January 25, 1996; and William Johnson as justice of the peace on
October 25, 1994. Kimmell's claim may be based on the filings not using the middle name "Joel."
2. Appellees move to dismiss Kimmell's appeal, contending that he filed his notice of appeal
too late. The district court dismissed his suit on May 2, 2001. Kimmell filed a motion to set aside
the judgment on June 4, 2001, more than thirty days after the dismissal--too late to extend the
appellate timetables. The district court received his notice of appeal on June 13, 2001--more than
thirty days after the judgment, but within fifteen days of the date due; it therefore was a defective
motion to extend the time to file the notice of appeal. See Verburgt v. Dorner, 959 S.W.2d 615, 617
(Tex. 1997). As we did not request that he correct this defect, we will accept Kimmell's notice of
appeal as timely and address the merits of his appeal. We overrule the appellees' motion to dismiss.
3. When Kimmell restates Error #2 later in his brief, he states it as "Failure to
maintain/enforce State Law, Texas Constitution, Article 5, Section 8."
4. This section provides:


 District Court jurisdiction consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred by this Constitution
or other law on some other court, tribunal, or administrative body. District Court
judges shall have the power to issue writs necessary to enforce their jurisdiction.


 The District Court shall have appellate jurisdiction and general supervisory
control over the County Commissioners Court, with such exceptions and under
such regulations as may be prescribed by law.


Tex. Const. art. 5, § 8.